### THE STATE OF KANSAS v. ANDREW BAIRD, *et. al.*

CRIMINAL LAW; *Quashing Information.* It is error for the court to quash a criminal information charging grand larceny "for the reason that the said information was not preferred or filed at the first term of said court after the defendants' arrest, and at which they personally appeared as required by law."

### *Appeal from Neosho District Court.*

THIS CASE was here at the January Term 1872, and dismissed for want of jurisdiction: 9 Kas., 60. It is now here on appeal regularly taken by *The State*, as authorized by §§ 283, 284, criminal code, Gen. Stat., 865. The district court on defendants' motion quashed the information filed against the defendants. The opinion contains a sufficient statement of the motion and proceedings. No appearance and no brief for the defendants.

*T. F. Rager*, county attorney of Neosho county, for The State:

1. The reason assigned by defendants for quashing the information, to-wit, "That said information was not preferred or filed at the first term of said court after the arrest of defendants, and at which they personally appeared," is not sufficient. Criminal code, § 225.

2. The failure to file the information as above, does not affect or tend to affect the substantial rights of defendants, and is not a ground for setting aside or quashing an information. Crim. code, § 110.

3. There is no provision requiring the information to be filed at the term of the court next succeeding the arrest of offenders; and in the absence of such a provision the information might be filed or preferred within two years from the time of the commission of the offense. Crim. code, § 32.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution for grand larceny, on an information filed by the county attorney for Neosho county. The defendants moved in the court below to quash the information "for the reason that said information was not preferred or filed at the first term of said court after their arrest, and at which they personally appeared as required by law." The court sustained the motion, and quashed the information; and the state now by the county attorney appeals to this court.

Said reason was not a sufficient reason for quashing said information; nor would the facts therein stated be any defense to the action if pleaded in abatement, or in bar. The court therefore clearly erred in sustaining said motion. The order of the district court quashing said information is reversed, and the cause remanded for further proceedings.

All the Justices concurring.